IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HAROLD P. SCOTT,               )
                               )
                Petitioner,    )
                               )
        v.                     )       Civil Action No. 03-358-KAJ
                               )
THOMAS CARROLL,                )
Warden, and M. JANE            )
BRADY, Attorney General        )
of the State of                )
Delaware,                      )
                               )
                Respondents.   )

**MEMORANDUM OPINION**

———————

Harold P. Scott. *Pro se* Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

———————

September 21, 2005
Wilmington, Delaware



JORDAN, District Judge

I.  INTRODUCTION

Petitioner Harold P. Scott ("Scott") is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Scott's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, Scott's § 2254 petition appears to be time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1). However, his form petition indicates that one of his state post-conviction proceedings may statutorily toll the limitations period, but he fails to provide sufficient information for me to make a conclusive determination. Therefore, Scott will have 30 days to provide to me in writing the date that he filed the state post-conviction proceeding in question, or else his petition will be immediately dismissed as time-barred.

II. FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1998, a Delaware Superior Court jury found Scott guilty of second degree burglary and theft. *State v. Scott*, 1998 WL 729605 (Del. Super. Ct. June 24, 1998)(memorandum order denying Scott's motion for judgment of acquittal). For the burglary conviction, the Superior Court sentenced him to eight years in prison, suspended after five years for probation. For the theft conviction, the Superior Court sentenced him to one year suspended. Scott appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Scott v. State*, 1999 WL 415804 (Del. Apr. 29, 1999).

On August 2, 1999, Scott filed a motion in the Delaware Superior Court for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion in a memorandum opinion dated September 20, 1999. *State v. Scott*, 1999 WL 1240816 (Del. Super. Ct. Sept. 20, 1999). Scott did not appeal the Superior Court's denial of post-conviction relief.

In March 2003, Scott filed in this Court a form § 2254 petition asserting two claims: (1) the prosecution did not disclose favorable evidence, namely, that his co-defendant had admitted to committing the burglary; and (2) defense counsel provided ineffective assistance by failing to inform Scott that his co-defendant admitted to committing the burglary. (D.I. 2, at 5.)

The State asks the Court to dismiss Scott's § 2254 petition as untimely. (D.I. 9.)

## III.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after that date must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Scott's § 2254 petition, dated March 29, 2003, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. He does not allege, nor can I discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Scott's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Drake's conviction and sentence on April 29, 1999, and AEDPA's limitations period began to run ninety-days later, on July 28, 1999. Thus, to be timely, Scott had to file his § 2254 petition by July 28, 2000. *See, e.g., Harris v. Snyder*, 2002 WL 47895 (D. Del. Jan. 11, 2002).

A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Scott's petition is dated March 29, 2003, and presumably, he could not have delivered it to

prison officials for mailing any earlier than that date. Therefore, I adopt March 29, 2003 as the filing date, which is well past the July 2000 deadline. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002). Scott's habeas petition is time-barred and should be dismissed, unless the time-period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). I will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Procedural requirements include the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*; *Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003).

Here, Scott filed his Rule 61 motion on August 2, 1999, and the Superior Court denied it on September 20, 1999. Scott did not appeal this denial. Therefore, the Rule 61 motion tolled the limitations period from August 2, 1999 through October 20, 1999, the date on which the 30-day period to file an appeal expired. *See Stokes v. District*

*Attorney*, 247 F.3d 539 (3d Cir. 2001); *Swartz*, 204 F.3d 417; *see generally Carey v. Saffold*, 536 U.S. 214 (2002); Del. Supr. Ct. R. 6(a)(a notice of appeal must be filed within 30 days after the entry of post-conviction judgment).

When Scott filed the Rule 61 motion, 5 days of AEDPA's limitations period had already expired. The one-year limitations period resumed on October 21, 1999, and continued to run without interruption until it expired on October 16, 2000. Thus, the statutory tolling provision does not render Scott's habeas petition timely.

However, before turning to the issue of equitable tolling, I must note that Scott's form petition mentions that he filed a petition for the writ of habeas corpus in the Delaware Superior Court. Scott states that the Superior Court denied the petition on February 26, 2003. (D.I. 2, at ¶ 11(b).) Unfortunately, Scott does not include the date on which he filed the state habeas petition, and the State does not even mention the habeas petition at all. I presume that the State's silence on this issue, and the Superior Court's decision date of February 26, 2003, means that the state habeas petition had no statutory tolling effect because Scott filed it after the expiration of AEDPA's limitations period. *See Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002); *Gholdson*, 2001 WL 657722, at *3 (D. Del. May 9, 2001). Nevertheless, if, indeed, Scott filed the petition for state habeas corpus relief on or before September 15, 2000, and that petition was pending through February 26, 2003, it would affect my statutory tolling analysis.[1] Therefore, I will give Scott thirty days (30) from the signing of

---

[1] As previously stated, Scott filed the instant federal habeas petition on March 29, 2003, and the Superior Court denied his state habeas petition on February 26, 2003. The difference between these two dates is 31 days. I have already determined that, given the statutory tolling effect of his Rule 61 motion, Scott's limitation's period expired

this Memorandum Opinion to indicate whether he did, indeed, file the state habeas petition in the Delaware Superior Court on or before September 15, 2000.

I now turn to the issue of equitable tolling.

### C. Equitable Tolling

It is well-settled that AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999) (quoting *Midgley,* 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;

---

on October 16, 2000. In order for his state habeas petition to render his federal habeas petition timely under the statutory tolling doctrine, it must have been filed at least 31 days prior to the October 16, 2000 deadline: September 15, 2000.

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In the instant situation, Scott has not explained, and the record does not reveal, why he waited until March 2003 to file his habeas petition. To the extent Scott made a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Therefore, I can find no extraordinary circumstances that warrant applying the doctrine of equitable tolling.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Scott's petition for habeas relief is time-barred, unless he can provide evidence that he filed his petition for the writ of habeas corpus in the Delaware Superior Court on or before September 15, 2000, and I decline to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons stated, Scott's petition for habeas relief pursuant to 28 U.S.C. § 2254 will be denied, unless he informs the Court in writing that he filed his state petition for the writ of habeas corpus in the Delaware Superior Court on or before September 15, 2000. An appropriate Order will follow.